# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

**AMERICAN GOLD LABEL FOODS, INC.**, a Florida Corporation, and **NEIL W. RODIN**, an Individual,

    **Plaintiffs**,

v.

**UNITED STATES OF AMERICA**,

    **Defendant.**

**CIVIL ACTION NO.** _____

**COMPLAINT**

The Plaintiffs, AMERICAN GOLD LABEL FOODS, INC., a Florida Corporation, and NEIL W. RODIN, an Individual, by and through their undersigned counsel and hereby file this Complaint against the UNITED STATES OF AMERICA upon the grounds set forth herein, and in support thereof, states as follows:

### SUMMARY OF THE CASE

1. This matter is brought subsequent to the Defendant's disqualification of the Plaintiffs from the Supplemental Nutrition Assistance Program (SNAP) as an authorized retailer.

2. The Plaintiffs, were authorized to participate in SNAP for more than a decade between 2009 and 2021, operated a food delivery, door-to-door food sale, and wholesale business along the East Coast of the United States. The Plaintiffs were reauthorized by the Defendant to continue participation in 2015 under this exact business model.

3. Nevertheless, the Plaintiffs received a letter from the Defendant on or about March 8th, 2017 in which the Defendant indicated its intent to withdraw the Plaintiffs' licensure. The letter is attached hereto as **Exhibit A**.

4. In pertinent part, the letter set out three specific grounds upon which the Plaintiffs' authorization would be withdrawn:

> "FNS has determined that your firm is not a legitimate retail food establishment based on the following: (1) information provided to the USDA Office of Inspector General (OIG) verbally and via email on February 6, 2016, your business employs limited staff based at the American Gold Label Foods, Inc. headquarters in Hialeah, Florida; (2) the Staff located at the American Gold Label Foods, Inc. headquarters are not delivery route drivers; (3) you further informed the OIG that, despite the W2 forms that were provided to OIG indicating otherwise, the drivers who operate nationwide under your FNS SNAP authorization are not employees. American Gold Label Foods, Inc., is therefore operating as a wholesale distributor and as such, is ineligible to participate in SNAP."

5. The Plaintiffs challenged the Defendant's proposed withdrawal of the SNAP license, noting (amongst other things) that the SNAP authorization regulations do not have employment requirements for headquarters staff, or employment type requirements for firm personnel. Furthermore, the regulation governing authorization specifically provides for co-located wholesale retailers, such as the Plaintiffs, to participate in SNAP.

6. The Defendant, however, maintained its position that the Plaintiffs' license should be withdrawn, and on December 27th, 2021, served its Final Agency Decision upon the Plaintiffs via email (attached hereto as **Exhibit B**). The Final Agency Decision (which is not issued by an Administrative Law Judge, but rather by a non-attorney lay person, and according to the statute is not binding upon this Court), stated,

> "As indicated in the agency's withdrawal letter, Appellant owner Neil Rodin verbally acknowledged the firm's wholesale structure during an interview with OIG. According to OIG's record of the interview, which took place on January 18th, 2017, Mr. Rodin admitted that American Gold Label Foods, Inc., acts as a wholesale entity in which the firm sells meat inventory to independent contractors across the United States who then take that inventory and sell it to customers, including SNAP

  recipients. Mr. Rodin further acknowledged that approximately 80 contracted businesses, which includes 'hundreds' of independent contractors/route drivers, are using the Appellant's FNS number to process SNAP transactions. In its written brief as part of this administrative review, the Appellant freely admitted that its business contained a wholesale component. Based on this information, this review finds that the Appellant's business model does not constitute an eligible retail firm in accordance with the regulation and must be withdrawn from SNAP."

7. The Defendant wholly failed to address the fact that the store qualifies as a "co-located wholesaler," and altogether skipped the eligibility analysis set forth by Congress in 7 U.S.C. §2018(b)(1). Further, the Agency wholly disregarded its own regulatory requirements set forth in 7 C.F.R. §278.1(b)(1)(vi), choosing again to focus on the employment status of the route drivers and the fact that the Plaintiffs do have a wholesale component to their business operations.

8. As such, the Defendant's decision to withdraw the Plaintiffs' licensure was done in violation of the statute and regulation and was based upon factually inaccurate grounds. It should therefore be reversed pursuant to 7 U.S.C. §2023.

## JURISDICTION AND VENUE

9. The Plaintiffs bring this action based upon their disqualification from eligibility to participate in the Supplemental Nutrition Assistance Program, as codified by Congress in 7 U.S.C. §§ 2011 – 2036(d).

10. This Court has subject matter jurisdiction over the matters raised by the Plaintiffs in this case pursuant to 7 U.S.C. §2023, and 7 C.F.R. §279.7. Furthermore, 28 U.S.C. §1331 gives this Court original jurisdiction over civil actions arising under the laws of the United States, for which the aforementioned statute and regulation qualify.

11. Venue is appropriate in this District pursuant to 7 C.F.R.§279.7(a), 7 U.S.C. §2023(13) and 28 U.S.C. §1391(b) as this Plaintiffs' business is owned and operated in Southwest Ranches, Broward County, Florida and because the facts giving rise to the circumstances herein occurred in the Southern District of Florida.

## PARTIES

12. The Plaintiff, AMERICAN GOLD LABEL FOODS, INC., a Florida Corporation, has an address of 5511 SW 164th Terr, Southwest Ranches, Florida 33331. AMERICAN GOLD LABEL FOODS, INC. is referred to herein as "AGL" and referred to herein collectively with the other Plaintiffs as "Plaintiffs".

13. NEIL W. RODIN, an Individual, is a natural person and resident of Florida and is the registered owner of AGL and is referred to herein collectively with the other Plaintiffs as "Plaintiffs".

14. The Defendant, the UNITED STATES OF AMERICA, acting through its agency, the United States Department of Agriculture (hereinafter referred to as the "USDA" or "Department"), and its subservice, the Food and Nutrition Service (hereinafter referred to as "FNS").

## GENERAL ALLEGATIONS

15. The Supplemental Nutrition Assistance Program, more commonly referred to as "SNAP" or "Food Stamps," is a Congressional program that provides financial assistance to low-income families for the sole purpose of purchasing eligible food items. Originally passed by Congress in 1964 (after a brief experiment in the late 1930's) as the "Food Stamp Act of 1964," the program has been updated a number of times, culminating in the codified at 7 U.S.C. §§2011-2036(d).

16. As of September, 2021, there were more than 21 million households participating in SNAP nationwide[1] comprised of a total of 40,843,909 persons receiving some level of SNAP benefits.[2]  More than $9 Billion dollars of SNAP benefits are distributed each month to the participants, who in turn, spend their benefits at local food stores.[3]

17. While the states are individually responsible for authorizing the SNAP households to participate, the Federal Government, through the United States Department of Agriculture is responsible for the authorization and oversight of SNAP retailers.

18. In 7 U.S.C. §2018, Congress set out the grounds upon which the Agency should consider SNAP retailer applicants and provided for authorization of a variety of food retailers, including wholesalers and co-located wholesale retailers (see §2018(b)).

19. In turn, the Agency drafted regulation 7 C.F.R. §278.1, which includes provisions for the authorization factors for retailers, wholesalers, and co-located wholesale food concerns.

20. Co-located wholesale food concerns are permitted to participate in SNAP as authorized retailers where they can satisfy the requirements of §278.1(b)(1)(vi), which include: (A) the firm to be a legitimate retail food outlet, and (b) has either total annual retail food sales of at least $250,000 **or** (c) is a legitimate retail outlet but provides foods to recipients who otherwise would have difficulty accessing SNAP retailers, or serves specialty foods, or has exceptional prices.

---

[1] Data retrieved from the Defendant's December 3rd, 2021 report found here: https://fns-prod.azureedge.net/sites/default/files/resource-files/30SNAPcurrHH-12.pdf.
[2] Data retrieved from the Defendant's December 3rd, 2021 report found here: https://fns-prod.azureedge.net/sites/default/files/resource-files/29SNAPcurrPP-12.pdf.
[3] Data retrieved from the Defendant's December 3rd, 2021 report found here: https://fns-prod.azureedge.net/sites/default/files/resource-files/31SNAPcurrBEN$-12.pdf.

21. The Agency has set out a non-exhaustive list of factors to determine whether or not a retailer is a "legitimate food outlet" including: the business' marketing structure (as may be determined by business licenses, sales tax records and/or separate bookkeeping records; the way the firm holds itself out to the public as evidenced by the layout of the retail sales space, the use of retail advertisements, posting of retail prices, offering specials to attract retail customers; hours of operation for the retail business; and parking area for retail customers.

### THE REGULATION & STATUTE DO NOT CONSIDER EMPLOYMENT TYPES

22. Neither the regulation (7 C.F.R. §278.1) nor the statute (7 U.S.C. §2018) involve an analysis of how a firm's employees are categorized on a tax basis.

23. In fact, neither the legislative notes nor the comments on the final agency rule discuss how a firm employs their staff whatsoever.

24. However, the Agency appears to adopt alternating positions on employment type at its convenience.  In a number of enforcement actions, the Defendant has routinely held that persons involved in transactions on behalf of an authorized firm are "store personnel" and treated as employees for purposes of regulatory enforcement.

25. Furthermore, many SNAP retailers are operated by families where the extended family members of the owner(s) are unpaid or compensated in other ways (such as giving room and board).

26. The Agency is well aware of this, and traditionally takes no issue with the employment type of its SNAP retailers in either the authorizations or disqualifications of SNAP retailers.

27. Accordingly, the citation of employment types as a foundational consideration in the instant matter is without statutory, regulatory, or Agency procedural basis.

### THE PLAINTIFF'S BUSINESS QUALIFIES AS A CO-LOCATED RETAILER

28. The Plaintiffs utilize a word of mouth and direct marketing structure to attract retail customers. Their independent contractor store personnel utilize signs, menus and other such items to advertise the food items to SNAP households.

29. Furthermore, because the Plaintiffs (and contractors) qualify as a house-to-house trade route service (which is part of the definition of a "retail food business" under 7 C.F.R. §271.2), there's no store layout to consider.

30. However, the vehicles utilized by the Plaintiffs' delivery personnel are those which one would reasonably expect a house-to-house trade route to utilize, rather than the larger business wholesaler vehicles utilized by companies such as Sysco Systems and U.S. Foods.

31. Retail customers are offered product specials, given retail prices, and served at either sale tents (with adequate customer parking) or at the doors of their homes.

32. As such, the Plaintiffs are a legitimate retail food outlet.

33. The Plaintiffs conducted much more than $250,000 in retail food sales in 2021.[4]

34. Therefore, the Plaintiffs, having satisfied the two criteria of 7 C.F.R. §278.1(b)(1)(vi), qualify to continue participating in SNAP.

35. Furthermore, the Defendants have previously authorized the Plaintiffs to participate in SNAP, using the same business model, twice previously.

---

[4] Plaintiffs' sales numbers a proprietary; however at least 40% of the Plaintiffs sales are retail sales.

**COUNT I: REQUEST FOR JUDICIAL REVIEW**

36. The Plaintiffs incorporate and restate each and every paragraph set forth above as though more fully set forth herein.

37. The Plaintiffs, pursuant to 7 U.S.C. §2023 and 7 C.F.R. §279.7 have the right to, and hereby do, request a *de novo* judicial review of the licensure withdrawal.

38. As set forth above, the Plaintiffs qualify as a legitimate retail food outlet, and conduct more than $250,000.00 per year in retail food sales.

39. Additionally, the Plaintiffs serve customers which do not have access to the quality of staple food items offered by the Plaintiffs at the exceptional prices at which they're offered.

40. Accordingly, the Plaintiffs qualify for participation in the Supplemental Nutrition Assistance Program.

41. The Defendant's determination that the Plaintiffs do not qualify was based upon consideration of impermissible and irrelevant factors, and wholly failed to consider the Plaintiffs as a co-located wholesale business.

**WHEREFORE**, the Plaintiffs, AMERICAN GOLD LABEL FOODS, INC., a Florida Corporation, and NEIL W. RODIN, an Individual, respectfully request this Honorable Court conduct a Judicial Review of the Defendant's withdrawal of the Plaintiffs' SNAP licensure, and subsequently enter Judgment against the Defendant reinstating the Plaintiffs, as well as awarding the Plaintiffs the attorney's fees and costs incurred in this action.

This matter has been respectfully submitted to the Court by the undersigned attorney, and shall be served upon the Defendant in the manner prescribed by the Federal Rules of Civil Procedure, 7

C.F.R. §279 and 7 U.S.C. §2023, as will be evidenced by the proof of service filed with the Court hereafter.

Dated: January 7th, 2022                  Respectfully submitted,

                                                    **METROPOLITAN LAW GROUP, PLLC**

                                                    */s/ Andrew Z. Tapp*
                                                    ANDREW Z. TAPP, ESQ.
                                                    Florida Bar No.: 68002
                                                    1971 W. Lumsden Road, #326
                                                    Brandon, Florida 33511-8820
                                                    Telephone:  (813) 228-0658
                                                    Facsimile:  (813) 330-3129
                                                    Email:  Andrew@Metropolitan.Legal
                                                                         LaJeana@Metropolitan.Legal

                                                   **COUNSEL FOR PLAINTIFFS**