IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60052-CV-SMITH

AMERICAN GOLD LABEL FOODS,
INC., a Florida Corporation, and
NEIL W. RODIN, an Individual,

   Plaintiffs,

v.

UNITED STATES OF AMERICA,

   Defendant.

### UNITED STATES' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO REOPEN CASE

Now comes Defendant, United States of America, by and through the undersigned Assistant United States Attorney, and hereby files its Response in Opposition to *Plaintiffs' Motion to Reopen Case* ("Motion"). Based upon binding legal precedent, this Court lacks jurisdiction to reopen this case.

### FACTS

1. On January 20, 2023, the Parties entered into a Settlement Agreement. The Settlement Agreement provided:

> Retention of Jurisdiction: The Court shall retain jurisdiction of this case after entry of this Settlement Agreement to enforce compliance with the terms and conditions of this Settlement Agreement and to take any action necessary or appropriate for the interpretation, construction, execution, or modification of the Settlement Agreement, or for adjudication of disputes.

[D.E. 35-1, at ¶ 5].

2. On January 20, 2023, the Parties filed a *Joint Stipulation of Dismissal* pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. The *Joint Stipulation of Dismissal*

1

provided that "the above-captioned action is dismissed with prejudice in its entirety." The Joint Stipulation of Dismissal was not conditioned upon the entry of a court order retaining jurisdiction. [D.E. 33].

3.  On January 20, 2023, this Court dismissed this matter with prejudice, denied all pending motions as moot, and closed the case. The Court's *Order of Dismissal* did not provide that it was retaining jurisdiction. [D.E. 34].

4.  Pursuant to the Settlement Agreement, in order to continue to utilize their SNAP license, Plaintiffs were required to submit complete applications within 30 days of the effective date of the settlement agreement. [D.E. 35-1 at ¶ 3].

5.  The Settlement Agreement avers that "[i]f complete applications are not received in this timeframe, the current SNAP license will be withdrawn immediately." *Id*.

6.  On June 9, 2023, after several follow-up letters sent by Defendant requesting relevant information to complete the applications submitted by the Plaintiffs, the Plaintiffs applications were denied, and Plaintiffs were withdrawn from participations in the SNAP program in accordance with paragraph 3 of the Settlement Agreement.

7.  Thereafter, on June 14, 2023, Plaintiffs filed their Motion to Reopen Case. [D.E. 35].

## Analysis

8.  The Supreme Court has recognized that the enforcement of a settlement agreement falls outside of the scope of ancillary jurisdiction of the federal courts, even when the court had jurisdiction to hear the underlying case. *Kokkonen v. Guardian Life Insurance of America*, 511 U.S. 375, 114 S.Ct. 1673 (1994).

9. The Supreme Court reasoned that a district court could retain jurisdiction to enforcement a settlement agreement with consent of the parties *and of the court*, provided the district court issues an order requiring compliance with the settlement agreement. *Id*. at 381.

10. "To retain jurisdiction to enforce a settlement agreement, the court itself must act; agreement by the parties is not enough." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1279 (11th Cir. 2012); *see also SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 464 n. 4 (speculating that a situation might arise in which a district court may lack jurisdiction to enforce a settlement agreement because it issued no order retaining jurisdiction even though the parties expressly provide for ancillary jurisdiction in their stipulation for dismissal).

11. The Eleventh Circuit has made it clear that "a court has no power to enter orders after a Rule 41(a)(1)(A)(ii) stipulation becomes effective, however, the court must enter the order retaining jurisdiction before the stipulation becomes effective." *Shaz*, 618 F.3d at 1280.

12. In *Anago Franchising, Inc. v. Shaz*, the Eleventh Circuit set out two ways in which a district court can retain jurisdiction over a settlement agreement where the parties dismiss the case by filing a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii), either: (1) the district court must issue the order retaining jurisdiction under *Kokkonen* prior to the filing of the stipulation, or (2) the parties must condition the effectiveness of the stipulation on the district court's entry of an order retaining jurisdiction. *Id*.

13. In this case, the Court did not issue an order retaining jurisdiction prior to the filing of the *Joint Stipulation of Dismissal*, and the Parties did not condition the effectiveness of the *Joint Stipulation of Dismissal* or Settlement Agreement upon the court order retaining jurisdiction. Therefore, this Court lacks jurisdiction to reopen this case. *See Nodus International Bank, Inc. v. Hernandez*, 2022 WL 1913250, at 2 (S.D. Fla. 2022) ("In *Anago*, the Eleventh Circuit held that in

order for a court to have jurisdiction to enforce the parties' settlement agreement following dismissal of a case under 41(a)(1)(A)(ii), at least one of two conditions must take place: (1) the court must have issued an order retaining jurisdiction prior to the filing of the stipulation, or (2) the parties must have conditioned their stipulation of dismissal on the entry of an order retaining jurisdiction, and the Court must have incorporated the terms of that settlement into the order dismissing the case.").

14. The only authority Plaintiffs cite in support of their Motion to reopen is not authoritative and/or is dicta that does not bind this Court. *See Blue Cross & Blue Shield Ass'n vs. American Express*, 467 F.3d 634, 636 (7th Cir. 2006) (Seventh Circuit case decided several years prior to the Eleventh Circuit's decision in *Shaz*); *see also Albert vs. Ameris Bank*, 517 Fed. Appx. 900, 906 (11th Cir. 2013) (discussing district court's decision and not addressing the merits of the issue).

15. *Anago Franchising, Inc. v. Shaz* is the authority in the Eleventh Circuit on whether a district court has jurisdiction to reopen a case to enforcement a settlement agreement.

**WHEREFORE**, for the reasons set forth above, the Defendant, the United States of America, respectfully requests that this Court **DENY** Plaintiffs' Motion to Reopen Case, as the Court lacks jurisdiction to enforce the settlement agreement under *Anago Franchising, Inc. v. Shaz*.

          Respectfully submitted,

          MARKENZY LAPOINTE
          United States Attorney

          **/s/ Kelsi R. Romero**
          Assistant United States Attorney
          United States Attorney's Office
          Southern District of Florida
          Special Bar No. A5502758

99 N.E. 4th Street
Miami, Florida 33132-2111
Tel. (305) 961-9159
E-mail: Kelsi.Romero@usdoj.gov