UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60052-CIV-SMITH

AMERICAN GOLD LABEL FOODS, INC., *et al.*,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____/

## ORDER DENYING PLAINTIFFS' MOTION TO REOPEN CASE

This cause is before this Court on Plaintiffs' Motion to Reopen Case [DE 35], the United States' Response in Opposition [DE 40], and Plaintiffs' Reply [DE 44]. Plaintiffs' Complaint [DE 1] sought judicial review of an administrative decision withdrawing Plaintiffs' licensure to participate in the Supplemental Nutrition Assistance Program as an authorized retailer. The parties reached a settlement and filed their Joint Stipulation of Dismissal [DE 33]. Plaintiffs now seek to reopen the case for the purpose of having the Court enforce the parties' settlement agreement. For the reasons that follow, the Motion to Reopen Case is denied.

On January 20, 2023, the parties filed their Joint Stipulation of Dismissal [DE 33], pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), in which the parties stipulated to dismissal with prejudice. The same day, the Court issued an Order of Dismissal [DE 34], which dismissed the case with prejudice, denied all pending motions as moot, and closed the case. Approximately six months later, Plaintiffs filed the instant Motion, asking the Court to reopen the case "to the extent necessary to permit the parties to litigate the enforcement" of the settlement agreement. A few days after that Plaintiffs filed their Motion to Enforce Settlement Agreement.

Plaintiffs argue that, pursuant to Federal Rule of Civil Procedure 60(a), the Court has authority to enter an order setting aside a final order where the parties seek to enforce the terms of their settlement agreement and the terms of such agreement specifically included intent to have the Court retain jurisdiction for enforcement.  Federal Rule of Civil Procedure 60(a) permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Here, Plaintiffs have failed to demonstrate a clerical mistake or a mistake arising from oversight or omission.  While Plaintiffs argue that the language of the settlement agreement shows the parties' intent to have the Court retain jurisdiction, the language of the Stipulation of Dismissal does not.  At the time the parties filed their Stipulation of Dismissal, the parties' settlement agreement was not part of the Court record.  Neither party had filed the settlement agreement and the Stipulation of Dismissal does not mention it, let alone make dismissal contingent on the Court retaining jurisdiction to enforce it.  Additionally, Plaintiffs have failed to provide the Court with any authority establishing that once parties file a Rule 41(a)(1)(A)(ii) stipulation of dismissal a court may reopen the case if a party files a Rule 60(a) motion.

Moreover, the Court lacks jurisdiction to reopen the case and to enforce the settlement agreement.  In *Kokkonen v. Guardian Life Insurance Comapny of America*, 511 U.S. 375, 380-82 (1994), the Supreme Court found that district courts do not have inherent power, or ancillary jurisdiction, to enforce the terms of a settlement agreement reached by parties before the court unless the parties consent and the court issues an order retaining jurisdiction for that purpose or requiring compliance with the settlement agreement.  The Eleventh Circuit further held that:

> the plain language of Rule 41(a)(1)(A)(ii) requires that a stipulation filed pursuant to that subsection is self-executing and dismisses the case upon its becoming effective.  The stipulation becomes effective upon filing unless it explicitly conditions its effectiveness on a subsequent occurrence.  District courts need not

2

and may not take action after the stipulation becomes effective because the stipulation dismisses the case and divests the district court of jurisdiction.

*Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012). As a result, unless the effectiveness of a Rule 41(a)(1)(A)(ii) stipulation of dismissal is contingent on a court retaining jurisdiction to enforce a settlement agreement, a court has no jurisdiction to enter an order after entry of the Rule 41(a)(1)(A)(ii) stipulation of dismissal. *Id.* at 1280.

Based on *Kokkonen* and *Anago*, the Court lacks jurisdiction to grant Plaintiffs' Motion to Reopen. As the Eleventh Circuit stated in *Anago*, the parties' Stipulation of Dismissal, filed pursuant to Rule 41(a)(1)(A)(ii), was self-executing. Thus, once the parties filed it, the Court lost jurisdiction over this matter and may not take any action in the case. Consequently, the Court lacks jurisdiction to reopen the case. Accordingly, it is

**ORDERED** that:

1. Plaintiffs' Motion to Reopen Case [DE 35] is **DENIED.**

2. Plaintiffs' Motion to Enforce Settlement Agreement [DE 37] is **DENIED as moot.**

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 14th day of March, 2024.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

Further, the cases relied upon by Plaintiffs do not support Plaintiffs' position. In *Blue Cross & Blue Shield Association v. American Express Co.*, 467 F.3d 634, 636 (7th Cir. 2006), the parties had not executed a stipulation of dismissal with prejudice.